UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| YAS MEEN S. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:22-cv-00478-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Frank Bisignano, Commissioner* | ) |
| *of Social Security Administration,*[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Yas Meen S. Cooper brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On August 8, 2023, upon an agreed motion to remand by the parties, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings, entering a judgment in Cooper's favor the next day. (ECF 22-24).

Cooper's attorney, Jason Rodman ("Counsel"),[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $16,810.99, for Counsel's representation of Cooper in federal Court. (ECF 29). Counsel acknowledges that if fees are awarded under § 406(b), Counsel must refund to Cooper the $7,400 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 5

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Cooper is also represented in this action by attorneys James Zender, Ann Young, and Randal Forbes of the same law firm as Rodman. (ECF 3-5). The term "Counsel" as used herein shall refer to one or more of these attorneys.

1

n.1). The Commissioner filed a response brief, stating that he "neither supports nor opposes" the fee request. (ECF 31 at 1). For the following reasons, the motion for attorney fees will be GRANTED.

### A. Factual and Procedural Background

On December 23, 2022, Counsel entered into a fee agreement with Cooper for their representation of Cooper in federal court, in which Cooper agreed to pay Counsel 25 percent of any past-due benefits awarded to her and her family. (ECF 29-1).[3] That same day, Cooper, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, pursuant to the parties' agreed motion to remand (ECF 22), the Court remanded the case on October 8, 2023, and promptly entered a judgment in Cooper's favor. (ECF 23, 24).

On August 28, 2023, Cooper, via Counsel, filed a request for attorney fees under the EAJA seeking $7,506.51 in attorney fees and $180 in paralegal fees for the 32.3 hours Counsel's firm spent advocating Cooper's claim in federal court. (ECF 25; *see* ECF 25-3). The Court granted the motion, as modified by a subsequent stipulation between the parties (ECF 26), and awarded a total EAJA fee of $7,400. (ECF 27).

On August 20, 2025, the Commissioner sent Cooper a notice of award, informing that she was found disabled and entitled to monthly disability benefits beginning April 2021 and $67,244 in past-due benefits. (ECF 29-5 at 1, 4). The Commissioner further explained in the notice that he withheld $16,811 as 25 percent of Cooper's past-due benefits to pay Cooper's attorneys. (*Id.* at 2,

---

[3] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

4).[4]

On August 25, 2025, Counsel filed the instant motion, together with supporting exhibits, seeking the Court's approval of a § 406(b) award in the amount of $16,810.99. (ECF 29, 29-1 to 29-5). As stated earlier, the Commissioner filed a response stating that he takes no position on the motion. (ECF 31 at 1).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *See Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *See id.*; *Arnold v. O'Malley*, 106 F.4th 595, 599 (7th Cir. 2024). Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *See Gisbrecht*, 535 U.S. at 796.[5]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for the attorney's representation at the administrative level. *See Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[6] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. §

---

[4] More particularly, the notice reflects that the Commissioner withheld $9,611 (*id.* at 2), plus $7,200 (*id.* at 4), which totals $16,811.

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

[6] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *See Gisbrecht*, 535 U.S. at 795.

3

406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[7] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *See Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *See Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*; *see O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) ("[W]here the claimant's attorney receives fees for the same work under both § 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." (brackets omitted) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985))).

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *See Gisbrecht*, 535 U.S. at 796. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted); *see Arnold*, 106 F.4th at 601 ("[A] district court must begin with the contingency award as its polestar and consider whether that amount should

---

[7] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." (citations omitted)).

### C. Analysis

The Court is charged with determining whether Counsel's requested fee of $16,810.99 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits indicates that the Commissioner withheld $16,811 as 25 percent of Cooper's past-due benefits, which totaled $67,244. (ECF 29-5 at 2, 4). As such, the fee amount that Counsel requests, $16,820.99, does not exceed 25 percent of Cooper's total past-due benefits.

Counsel contends that the requested fee award of $16,810.99 "is reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 29 ¶ 12). Indeed, the risk of loss the attorney assumes in representing the plaintiff is a factor some courts consider when assessing the reasonableness of the requested fee. *See, e.g.*, *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no

5

USDC IN/ND case 1:22-cv-00478-ALT    document 32    filed 10/03/25    page 6 of 7

settlements."); *see also Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)). It is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

  Further, it is obvious that Counsel obtained a good result for Cooper, as the Commissioner agreed to remand the case and ultimately found Cooper disabled and awarded her disability benefits. (*See* ECF 22, 29-4, 29-5); *Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved); *Arnold*, 106 F. 4th at 601. Counsel timely litigated the case and the subsequent fee motions, not seeking any extensions of time in doing so. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits). Nor is there any indication of record that Cooper was dissatisfied with Counsel's representation. *See Arnold*, 106 F.4th at 601 (identifying "the claimant's satisfaction with their attorney's representation" as a factor to consider in 406(b) fee cases).

  Moreover, Counsel's requested fee of $16,810.99 divided by the 32.3 hours his firm spent on the case in federal court equates to an effective rate of about $520 per hour, which is within the range of past awards approved by the Northern District of Indiana. *See, e.g.*, *Pence v. Saul*, No. 1:17-cv-0090-SLC, 2020 WL 1673031, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee

6

equating to $554 per hour); *Clore v. Saul*, No. 1:17-cv-00026-SLC, 2020 WL 1673030, at *3 (N.D. Ind. Apr. 6, 2020) (awarding fee equating to $550 per hour); *see also Bradley L. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)). This bolsters the Court's conclusion that the contingent-fee arrangement will not result in unreasonable fees, as there is no indication that "the benefits are large in comparison to the amount of time counsel spent on the case." *Arnold*, 106 F.4th at 600 (citation and quotation marks omitted).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $16,810.99. Given that the previously awarded EAJA award of $7,400 is the smaller of the two fees, Counsel must refund the $7,400 in EAJA fees to Cooper, as an EAJA award "offsets" an award under § 406(b). *Gisbrecht*, 535 U.S. at 796; *see also O'Donnell*, 983 F.3d at 953.

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 29) is GRANTED in the amount of $16,810.99. Counsel is reminded of their duty to refund to Cooper the $7,400 in EAJA fees previously awarded to Counsel. The previously filed motion for authorization of attorney fees pursuant to § 406(b) filed in ECF No. 28, which appears duplicative of the instant motion, is DENIED AS MOOT.

SO ORDERED.

Entered this 3rd day of October 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge